# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
### ASHLAND DIVISION

**DAVID WEBB,**

    **Plaintiff,**

**v.**                                                         **Civil Action No.: 7:18-cv-00121**

**BLACKJEWEL, LLC,**

**and**

**REVELATION ENERGY, LLC**

    **Defendants.**

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, BLACKJEWEL L.L.C. and REVELATION ENERGY, LLC TO PLAINTIFF'S COMPLAINT

Defendants Blackjewel L.L.C. and Revelation Energy, LLC ("Defendants"), by and through counsel, state the following as their Answers, Responses, and Affirmative Defenses to Plaintiff's Complaint.

1. Upon information and belief and representation of the Plaintiff, Defendants admit the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2. Defendant, Blackjewel L.L.C., states that it is a Foreign Limited Liability Corporation, that it conducts business within the Commonwealth of Kentucky, and that it has an address for service of process at 13993 Kentucky Highway 550 E., Lackey, Kentucky 41653. Defendant Blackjewel L.L.C. states that its nerve center and main office is located at 1051 Main Street, Milton, WV.

3. Defendant, Revelation, LLC, states that it is a Kentucky Limited Liability Corporation, that it conducts business within the Commonwealth of Kentucky,

and that it has an address for service of process at 13993 Kentucky Highway 550 E., Lackey, Kentucky 41653. Revelation Energy, LLC states that its only LLC member is Revelation Energy Holdings, LLC and that its principal place of business and main office (i.e. nerve center) is located at 1051 Main Street, Milton, WV.

4. Defendant Blackjewel L.L.C. admits that David Webb was its employee. Revelation Energy, LLC denies that David Webb was ever employed by it.
5. Defendants deny the allegations contained in paragraph 5 of the Plaintiff's Complaint and demand strict proof thereof.
6. Defendants deny the allegations contained in paragraph 6 of the Plaintiff's Complaint and demand strict proof thereof.
7. Defendants deny the allegations contained in paragraph 7 of the Plaintiff's Complaint and demand strict proof thereof.
8. Defendants deny the allegations contained in paragraph 8 of the Plaintiff's Complaint and demand strict proof thereof.
9. Defendants deny the allegations contained in paragraph 9 of the Plaintiff's Complaint and demand strict proof thereof.
10. Defendants deny the allegations contained in paragraph 10 of the Plaintiff's Complaint and demand strict proof thereof.
11. Defendants deny the allegations contained in paragraph 11 of the Plaintiff's Complaint.
12. Any allegations not specifically admitted are denied.

## **AFFIRMATIVE DEFENSES**

13. Affirmative Defenses are asserted so that they are not waived. Any affirmative defenses which are raised which prove inapplicable to the case at bar will be withdrawn in advance of trial.
14. Plaintiff's Complaint fails to state a cause of action against these Defendants upon which relief can be granted, or upon which the damages sought can be awarded.
15. Plaintiff's claims are or may be barred by the applicable statute of limitations.
16. Plaintiff's damages and/or injuries, if any, were the direct and proximate result of his own acts, omissions, contributory or comparative negligence, fault, assumption of risk, and/or breach of duty.
17. Plaintiff's damages and/or injuries, if any, were the direct and proximate result of the acts, omissions, negligence, fault, or breach of persons and/or parties other than Defendants and who were beyond Defendants' control.
18. Plaintiff has failed to mitigate or reasonable attempt to mitigate his damages.
19. Plaintiff's claims are barred by a doctrine of estoppel, waiver, release, fraud, unclean hands and/or laches.
20. There was an insufficiency of process/insufficiency of service of process.
21. Any and all actions taken by Defendants were reasonable, in good faith, and based on legitimate, non-discriminatory business reasons.
22. Plaintiff has failed to exhaust his administrative remedies and/or comply with the statutory prerequisites to suit.
23. This Court lacks personal and/or subject matter jurisdiction over this matter.
24. Venue in this action is improper.

25. Plaintiff's claims are barred, in whole or in part, by his election of remedies.

26. Defendants raise accord and satisfaction to the extent they may appear applicable following discovery.

27. Plaintiff's Complaint fails to allege, nor can Plaintiff prove, the necessary predicates or conditions in order to establish the threshold requirements for the recovery of punitive damages from this Defendant.

28. Plaintiff cannot provide sufficient grounds to merit an award of punitive damages; accordingly, such an award would violate Commonwealth, Federal and Constitutional laws. Therefore, any claim for punitive damages should be dismissed.

29. Defendants did not participate, engage, or assist in any act or conduct which could form the basis of an award of punitive damages and punitive damages are, therefore, not recoverable to any extent whatsoever against either of these Defendants.

30. Plaintiff's claims, or some of them, that seek exemplary or punitive damages violate these Defendants' rights to procedural and substantive due process as provided by the Fifth and Fourteenth Amendments to the United States Constitution and Article III, Section 1, and all other applicable provisions of the Constitution of the Commonwealth of Kentucky.

31. Plaintiff's claims, or some of them, that seek exemplary or punitive damages violate these Defendants' rights to equal protection under the law and are otherwise unconstitutional under the Fourteenth Amendment to the United States Constitution and Article III, Section 1, and all other applicable provisions, of the

Constitution of the Commonwealth of Kentucky, including, but not limited to, the protection from "excessive fines" and to proportional penalties.

32. Defendants reserve the rights to amend their Answer to assert other affirmative defenses, claims, and defenses as they may become available or apparent during investigation or through the course of discovery.

WHEREFORE, Defendants Blackjewel L.L.C. and Revelation Energy, LLC, respectfully request that Plaintiff's Complaint be dismissed with prejudice, for its cost expended herein, including reasonable attorneys' fees, for trial by jury, and for any and all other relief to which Defendants may be entitled.

## JURY DEMAND

A trial composed of the maximum number of jurors is hereby requested.

Respectfully submitted,

/s/ Eric T. Frye
Eric T. Frye (KY Bar 97853)
General Counsel
1051 Main Street
Milton, WV 25541
(304) 390-5962 direct
Eric.Frye@blackjewel.us
*Counsel for Defendants*
*Blackjewel L.L.C.*
*Revelation Energy, LLC*

# CERTIFICATE OF SERVICE

I certify a true copy of the foregoing has been emailed and electronically filed on this 30th day of November 2018:

Hon. Adam P. Collins
COLLINS, COLLINS & CONLEY, PSC
P.O. Box 727
Hindman, Kentucky 41822
(606) 785-5048
(606) 785-3021 (facsimile)

/s/ Eric T. Frye
Eric T. Frye (KY Bar 97853)