# U. S. DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### ASHLAND DIVISION

| | |
|---|---|
| DAVID WEBB, | ) |
| | ) Civil Action No. 7:18-cv-00121 |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| BLACKJEWEL, LLC, | ) |
| | ) |
| and | ) |
| | ) |
| REVELATION ENERGY, LLC | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND AND FOR AWARD OF COSTS AND ATTORNEY'S FEES**

NOW COME the Defendants, Blackjewel, LLC and Revelation Energy, LLC, by and through their counsel, and for their Response in Opposition to Plaintiff's Motion for Remand and for Award of Costs and Attorney's Fees pursuant to 28 U.S.C. 1447(c), state as follows:

## INTRODUCTION

The Plaintiff alleges that this matter should be remanded back to state court for the following three reasons: (1) The determination of whether Revelation Energy is a proper party is best left to the state court to decide; (2) the amount in controversy requirement has not been met; and (3) the Defendants have failed to prove complete diversity of citizenship.

The Defendants will address each of these arguments on their own.

**A.** **The Defendants did not raise the issue of fraudulent joinder.**

The Plaintiff spends the majority of his brief arguing that Revelation Energy, LLC was not fraudulently joined as a party to this matter. It should be noted that the Defendants did not raise the issue of fraudulent joinder in their Notice of Removal. While the Defendants did state

that Revelation Energy, LLC was not a proper party to this lawsuit, they did not argue or allege that Revelation Energy, LLC was fraudulently joined for the sole purpose of defeating diversity jurisdiction. Even the Plaintiff acknowledges that he is presuming that the argument had been raised by the Defendants. While the Defendants do not waive this argument, they do acknowledge that it was not raised as a basis for removal. Accordingly, this Court need not address the issue of fraudulent joinder as it was not raised by the Defendants.

B.     **The amount in controversy requirement has been met.**

The Plaintiff alleges in Paragraph 6 of his Complaint that the Defendants entered into a contractual agreement requiring them to retain him as an employee of one year. The Plaintiff further alleges in Paragraph 9 of his Complaint that he was terminated after five month of employment with the Defendants. Accordingly, the Plaintiff is alleging that he was not paid seven months of his negotiated salary. The Plaintiff's annual salary was $135,915.00. (See Employee Information Form attached hereto as Exhibit A). Based upon the Plaintiff's annual salary, his salary for the seven months in which he alleges he was not paid was $79,283.75. Therefore, it is clear that the Defendants have met the amount in controversy requirement.

C.     **Plaintiff alleges that the Defendants have not shown the citizenship of their respective members.**

When a party removes its state court action to federal court on the basis of diversity of citizenship and the party seeking remand challenges the jurisdictional predicate for removal, the burden falls squarely on the removing party to establish its right to the federal form by competent proof. *Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651 (2nd Cir. 1979). In this case, the Defendants removed this matter on the basis of diversity jurisdiction. In response the Plaintiff filed a Motion for Remand challenging this Court's diversity jurisdiction. As such, the burden of

proof has shifted to the Defendants to prove that there is complete diversity of citizenship among the parties.

The Defendants previously moved for a fourteen day extension of time by which they were to file this response in an attempt to allow them to compile the necessary documents proving diversity of citizenship. It should be noted that one of the named Defendants' members is a limited partnership. As a limited partnership, its membership must be taken to its natural end comprised of either an individual or a corporation. That limited partnership's membership contains thousands of limited partnerships that in turn also have memberships containing limited partnerships. During the two week extension, the Defendants were unable to complete the compilation of documents evidencing the citizenship of the thousands of members within the limited partnership. In addition, the Defendants represent that they will not be able to compile the documentation within an additional two weeks or even a month's time.

Based upon the Defendants' inability to compile the voluminous documentation to support its good faith assertion of diversity of jurisdiction, the Defendants must concede that they are unable to meet their burden of proof.

**D.**     **The Plaintiff is not entitled to an award of costs and fees.**

An award of attorney's fees under the federal statute addressing costs incurred with orders remanding cases to state court after removal is permissive, rather than mandatory. *Rice v. Valmont Industries, Inc.*, 951 F.Supp.2d 1250 (N.D. Okla. 2013). Likewise, there is no presumption in favor of awarding attorney's fees following a remand to state court. *Glovier v. Barton Homes, LLC*, 452 F.Supp.2d 657 (W.D. La. 2006). Finally, Plaintiff is not entitled to an award of attorney's fees incurred as a result of removal, even though the case was remanded to

state court because the removal petition was filed in good faith. *Nichols v. Southeast Health Plan of Alabama, Inc.*, 859 F.Supp. 553 (S.D. Ala. 1993).

The Plaintiff should not be awarded fees and costs in this matter because it has not been shown that the Defendants improperly removed this matter to federal court. Contrary to the Plaintiff's allegations, the amount in controversy was met in this matter. Similarly, the Plaintiff does not allege that there is no diversity of citizenship. Instead, the Plaintiff alleges that the Defendants did not meet their burden of proving diversity of citizenship. Accordingly, the Defendants are not conceding that there is a lack of diversity among all of the parties. The Defendants are simply conceding that they are unable to meet their burden of proving diversity of citizenship due to their failure to compile the necessary documentation.

Based upon the foregoing, the Defendants have not engaged in conduct entitling the Plaintiff to an award of fees and costs.

WHEREFORE, the Defendants respectfully request that this Court deny the Plaintiff's Motion for Fees and Costs and any other relief this Court deems appropriate.

Respectfully submitted,

**BLACKJEWEL, LLC and REVELATION ENERGY, LLC**

/s/Mark E. Heath
Mark E. Heath
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East
Post Office Box 273
Charleston, WV 25321-0273
Phone: 304.340.3843

# U. S. DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# ASHLAND DIVISION

| | |
|---|---|
| DAVID WEBB, ) | |
| ) | Civil Action No. 7:18-cv-00121 |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| BLACKJEWEL, LLC, ) | |
| ) | |
| and ) | |
| ) | |
| REVELATION ENERGY, LLC ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND AND FOR AWARD OF COSTS AND ATTORNEY'S FEES** was served electronically through the CM/ECF system, this 22nd day of January 2019, to the following:

> Adam P. Collins
> Collins, Collins & Conley PSC
> 161 W Main Street
> Hindman, KY 41822
> Phone: 606-785-5048
> Email: admin@collinsconley.com

> /s/Mark E. Heath
> Mark E. Heath